G., C. & S. F. R'y Co. v. Todd & Dobbins.

(No. 7015.)

Appeal from Milam County.    Opinion by Davidson, J.

J. W. Terry, counsel for appellant.

T. S. Henderson, counsel for appellees.

§ **318.** *Telegraph company; liability of for disclosing contents of message; who may enforce liability incurred by; case stated.* M. M. Chambers, Todd & Dobbins and John C. Oxenford executed a promissory note made payable to the Milam County Bank in ninety days from date. Said note was given to secure a note of Chambers, ap-

pellees herein and Oxenford being accommodation makers. Subsequently S. C. & S. H. Blankenship, in payment of a debt to said Chambers, executed their note to him, same being $250, on which $55 was afterward paid as a credit. To secure appellees, Chambers transferred the latter note to the Milam County Bank, and afterwards the Milam County Bank transferred without recourse both above mentioned notes to one Cone. The Blankenship note was deposited as collateral with the bank to secure the Chambers note. The Blankenships were doing business at McGregor with a stock of goods valued at from two hundred to five hundred dollars. Appellees, believing that the Blankenships were about to dispose of their goods with intent to defraud their creditors, had their attorney wire W. C. O'Bryan, an attorney at McGregor, to attach the Blankenship stock. An employee of the Blankenships was in the office when the telegram came, and testifies that the agent·of appellant told him its contents — the agent, however, denying this. Before the telegram reached O'Bryan the employee aforesaid had employed him to represent the Blankenships. The latter subsequently sold the goods before other lawyers could be employed to bring the suit, and appellees could not collect their debt. Appellees brought this suit to recover damages, and the court below found in their favor for $195, the balance due on the Blankenship note, and entered judgment accordingly, from which appellant prosecutes this appeal.

Appellant's first contention is, that as the suit to which the message sued upon related was to be prosecuted in the name of a person other than the appellees, the latter could not maintain this action. The evidence shows, and the trial court so found, that the message sued upon was sent at the instance and by the direction of appellees, and was signed by their agent and attorney, T. S. Henderson; also, that the suit, while to be in the name of Cone, was for the use and benefit of appellees,

and that they were the real and substantial parties at interest. From this it necessarily follows that appellees could maintain in their own name a suit for any damage suffered by them arising out of the sending of said message which was occasioned by the wrongful act of the appellant.

§ **319.** *Damages; effect of fraudulent concealment upon a stipulation that claim for shall be presented within a certain time.* The next and only remaining question to be considered is the effect to be given the printed stipulation contained in the message, to the effect that the company would not be liable for any damage growing out of the sending of said message unless the claim for same was presented within sixty days from date of sending. No such claim was presented within said time by appellees, and this fact appellant pleads in bar of the action.

Appellees, in avoidance of the stipulation and plea in bar, set up fraud and concealment on the part of appellant, by which they were prevented from complying with the terms of said stipulation. The rejoinder of appellees, if true, is a sufficient answer to the plea in bar and avoids the force and effect otherwise to be given to the stipulation. Upon this point the evidence shows, and the trial court so found, that when the message reached its destination the appellant wrongfully and fraudulently informed the agent and employee of the party named in the dispatch, who was to be attached, of its contents a sufficient length of time before the delivery of the same to the attorney to whom it was directed to enable said party to employ said attorney and deprive appellees of his employment, and also to make away with everything subject to attachment owned and held by said party before appellees could secure other counsel and have attachments issued. These facts were concealed from appellees for more than sixty days after the sending of said message, and were finally discovered

by them by mere accident. Under these circumstances, should appellee be held to a compliance with the terms of said stipulation? Most certainly not. Contractual stipulations which abridge the laws defining the relations of parties and fixing their rights and remedies are always to be strictly construed, because in a measure in derogation of law. Therefore, one who interposes such a stipulation as a defense where otherwise the law would render him liable must come with clean hands and bring himself clearly within the spirit and meaning of its terms. Again, it is a principle of universal application that one cannot take advantage of his own fraudulent conduct and interpose the same as a defense to an injury done another by his wrongful act.

To hold appellees bound by the terms of said stipulation would, under the facts and circumstances of this case, be unconscionable, against the dictates of reason and fair dealing, as well as that simple rule of justice which is the purpose and intent of the law to mete out to every one.

It is well settled that such stipulations in insurance policies are avoided and held not binding where the failure to comply with same was occasioned by the wrongful act, fraud or deceit of the company. [Seems v. Ins. Co., 13 Wallace, 158; Am. and Eng. Enc. of Law, p. 352, note 3.]

There exists no good reason why a different rule should apply when invoked against the telegraph company. A careful inspection of the record and the briefs of both parties discloses no error. The judgment is, therefore, in all things affirmed.

June 18, 1892.                              Affirmed.